TAYLOR, Presiding Judge.
The petitioner, Larry Wayne Gilham, filed this petition for a -writ of habeas corpus against Judge Alfred Bahakel of the Jefferson Circuit Court after that court denied his request for bond on his appeal from a municipal court conviction. The petitioner was charged with and convicted in the Municipal Court for the City of Trussville of indecent exposure. The petitioner then filed a notice of appeal seeking a trial de novo in the Circuit Court for Jefferson County, and the municipal court judge denied the appellant’s request to be released on bond pending the appeal. The petitioner then filed a petition for a writ of habeas corpus in circuit court, and Judge Bahakel refused to set bond, relying on Rule 7.2(d), Ala.R.Crim.P., and finding that the petitioner presented “a real and present danger of harm” to the public at large. The petitioner then filed this petition for a writ of habeas corpus with this court, requesting that we order the circuit court to set bond.
An individual who is convicted in a municipal court may appeal that conviction to the circuit court of the county of conviction. Such appeals are governed by Rule 30, Ala. R.Crim.P., which states in part:
“(a) Trial de novo. A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo.”
Rule 30.8, Ala.R.Crim.P., outlines the procedure for perfecting an appeal from a municipal court to a circuit court. Rule 30.3(b) states in part:
“(b) Perfecting appeal. An appeal from the municipal or district court for trial de novo in circuit court shall be perfected by the timely filing of a written notice of appeal and the posting of bond conditioned upon the defendant’s appearance before the circuit court, as well as the payment of all costs incurred in municipal or district court, and on appeal in circuit court; provided, however, that the court may authorize the defendant’s release on his personal recognizance without any undertaking related to or deposit of security in lieu of an appearance and cost bond.”
“A defendant sentenced to imprisonment and not released from custody on bond or his personal recognizance may obtain release pending an appeal at any time by filing a bond approved by the municipal of district court. If the defendant remains in custody, the prosecutor shall so notify the circuit court clerk, and the case shall be set for trial at the earliest practical time.”
(Emphasis added.)
Rule 30.3 clearly states the two prerequisites necessary to appeal a municipal court conviction to circuit court. The requirements are 1) written notice and 2) the posting of bond. The Committee Comments to this rule state:
“Section (b), which provides for a bond on appeal to secure the defendant’s appearance and the payment of costs, combines the statutory requirement of Ala. Code 1975, § 12-12-70(b) and § 12-14-70(e). Since no bond amount is provided, the specific provisions now contained in § 12-14-70(e) shall continue to govern appeals from municipal court to circuit court, i.e., ‘not more than twice the amount of the fine and costs, as fixed by the court, or in the event no fine is levied the bond shall be in an amount not to exceed $1,000.00, as fixed by the court, conditioned upon the defendant’s appearance before the circuit court.’ ”
Because Rule 30.3 specifically deals with the appeal of a municipal court conviction to circuit court, Rule 7.2(d), Ala.R.Crim.P.,[1] does not apply. “[T]he more specific will prevail as against a more general statement pertaining to the same subject matter.” Jef *166 ferson County v. Braswell 407 So.2d 115,119 (Ala.1981).
The rule that applies within this case is Rule 3Ó.3, Ala.R.Crim.P. Thus, based on Rule 30.3 and on § 12-14-70, we conclude that the court erred in denying the petitioner’s request for bond. The posting of a bond is necessary in order to perfect an appeal from municipal court to circuit court. As stated above, the maximum bond that can be set is twice the amount of the fine and costs, not to exceed $1,000. The petition for a writ of habeas corpus must therefore be granted.
PETITION GRANTED.
All the Judges concur.

. Rule 7.2(d), states:
"Release shall be denied after conviction and sentence if the trial court has reason to believe that an appearance bond or conditions of release will not reasonably assure that the defendant will not flee, or that the defendant's being at large poses a real and present danger of harm to any other person or to the public at large, or if at the time the sentence was rendered, the defendant filed notice of appeal and elected to waive release and to begin serving the sentence.”